```
             IN THE UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF ARKANSAS
                      PINE BLUFF DIVISION


MABLE BEALER NEWSOM                                    PETITIONER


vs.                   Civil Case No. 4:06CV00865 HLJ


DAVID GUNTHARP, In
His Capacity as the Director
of the Arkansas Department of
Community Corrections for the
Little Rock Probation Office                           RESPONDENT
```

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge G. Thomas Eisele. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a

hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Mable Bealer Newsom. The court entered a recommended partial disposition (DE # 14) on October 27, 2006, denying Respondent's request for dismissal based on procedural default. The recommended disposition was adopted by the District Court on December 21, 2006 (DE # 21). As stated in that opinion,

an information was filed in state court on June 23, 2005, charging Petitioner with theft of property by deception (Respondent's Exhibits A & B).  She was arrested and released on bond on May 17, 2005 (Respondent's Exhibit C).  On December 12, 2005, she entered a guilty plea to the charge (Respondent's Exhibit D), and the trial court placed her on probation for five years and ordered her to comply with certain conditions (Respondent's Exhibit E).  Under Ark. Rule App. P.-Crim. 1., a defendant who pleads guilty is not entitled to a direct appeal.  Petitioner did not seek post-conviction review under Rule 37 of the Arkansas Rules of Criminal Procedure because she was not incarcerated and thus not "in custody" as the rule was interpreted in Bohanan v. State, 336 Ark. 367, 372 (1999).

In the present proceedings, she raises the following grounds for relief:

    1.  Her guilty plea was unlawfully induced;

    2.  Her counsel was ineffective;

    3.  She was denied the right to appeal;

    4. Her conviction was obtained through the violation of her privilege against self-incrimination and

    5. Her conviction was obtained through the unconstitutional failure of the prosecutor to disclose evidence favorable to the defense.

The court appointed counsel to represent Petitioner, but counsel moved to withdraw because of "serious discord and differences" (DE # 29).  That motion will be granted.

I.

Petitioner states in support of ground one and two that the charges against her arose from her cashing her husband's checks. She alleges she had his permission to do this, and she had his "written power of attorney contract." She met with the attorney from the Public Defender's office assigned to her case, and informed him of the evidence showing she was not guilty, but her attorney refused to prepare a defense for trial, and she fired him and instructed him to file a motion to be relieved. The trial judge denied her request for a continuance of her trial date in order to engage other counsel, and he refused to relieve the Public Defender as her counsel. She contacted an attorney in private practice, but he told her he could not represent her until the other attorney was relieved. Two days before her scheduled trial, the Public Defender called her and she informed him that an attorney in private practice would be representing her. The attorney in private practice eventually agreed to represent her if she could obtain a continuance.

She appeared for trial at 1:30 on December 8, 2005, but the judge's clerk told her the trial had been scheduled for that morning at 8:30 a.m. and the Public Defender had told the judge that he had not heard from her and had no idea where she was. Neither the Public Defender nor the prosecutor told the trial judge she had hired private counsel. The trial judge issued a warrant

for her arrest for failure to appear, and the clerk rescheduled her appearance for the next day, December 9, 2005. At the hearing, the trial judge ordered Petitioner to be taken into custody immediately and to be held without bond, and he rescheduled the trial for three days later. Her private attorney refused to represent her because he could not prepare for trial that quickly. When Petitioner was brought before the court on December 12, 2005, the private attorney and the Public Defender were both there and the judge rescheduled the case for April of 2006, revoked her bond and ordered her to be held without bail until trial. She entered a guilty plea that day.

The judge scheduled a bond hearing two weeks later, but Petitioner knew he was prejudiced against her and he would hold her in jail until the trial. Petitioner was concerned about being in custody because her 100 year-old grandmother lived with her and Petitioner was her caretaker, it was the Christmas holidays and she had just started her own business. Petitioner believed she would suffer irreparable physical, mental and financial harm during the four months before her trial, and she had no choice but to accept a plea bargain, even though she was innocent of the charge.

> [A] guilty plea represents a break in the chain of events which have preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

In order to establish incompetence or ineffective assistance of counsel, a petitioner must show that his or her attorney's "representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that counsel failed to exercise "the skill and diligence that a reasonably competent attorney would exercise under similar circumstances." Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). Petitioner must also establish prejudice by showing "there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, a petitioner satisfies the prejudice prong of the test by showing "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner's claim appears to be that, had her bond not been revoked for failure to appear, and had she not been held without bond, she would not have accepted the plea offer and she would have gone to trial because she could prove her innocence by showing she was married to her husband at the time and she had his permission to cash his checks.

> "'[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any

>commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business [e.g. bribes].'"

Brady v. United States, 397 U.S. 742, 755 (1970).  Petitioner has alleged no wrongdoing by the prosecutor or the court, except for the conclusory allegation that the trial judge was prejudiced against her, and she has not asserted what counsel could have done to prevent her being taken into custody when she did not appear for trial on the morning of December 8, 2005.  She does assert the Public Defender told the judge he had not heard from her and did not know where she was.  Since she states she spoke to the Public Defender two days before the trial date, even if this assertion is correct, it is not necessarily false, because counsel could have been correctly informing the court that he had not heard from her that morning.  In any event, it was not counsel's actions or inactions that led to Petitioner's incarceration, but her own.  She is not entitled to relief on ground one or ground two.

II.

In ground three, Petitioner contends that, at her sentencing, the court and her attorney informed her she could not appeal her conviction.  As stated above, in Arkansas, a defendant who pleads guilty is not entitled to a direct appeal, Ark. R. App. P.-Crim.

7

1(a), and therefore this allegation does not state a claim for relief.

### III.

Ground four is Petitioner's contention that her conviction was obtained by the violation of her privilege against self-incrimination. In support of this claim, she alleges her ex-husband committed perjury when he signed an affidavit attesting that he did not receive his money from the unemployment office and the checks were not cashed by any member of his family, when in fact she and he were still married at the time she cashed the checks. In addition, she states she later learned he was scheming to receive additional checks.

After her divorce, Petitioner admitted to a detective that she had cashed the checks, but insisted her husband was aware of it and that she had a written power of attorney from him to cash them. She could not provide the papers to support her allegations, because her ex-husband had stolen them, but she could provide witnesses to establish she had permission to cash the checks. Two weeks later, the detective called Petitioner and told her she was going on leave and, because Petitioner had not substantiated her claims, she had no choice but to seek a warrant for her arrest. Petitioner contends this was the "only evidence the state had against" her.

The privilege against self-incrimination, of course, may be waived, which is exactly what happens when any person enters a guilty plea.  By pleading guilty, a defendant also waives a challenge to the sufficiency of the evidence.  <u>Brady v. United States</u>, 397 U.S. at 756-57.

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted. Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time.  The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision.  A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action....
>
> We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought....

<u>Id.</u>

The court has examined the transcript of the plea proceedings (Respondent's Exhibit 1, DE # 17) and finds Petitioner stated she understood the charges against her and waived her right to a jury trial and an appeal.  She also stated she was pleading guilty because she was in fact guilty of cashing unemployment checks

issued in her husband's name without his knowledge.  Petitioner is not entitled to relief on ground four.

IV.

Ground five is Petitioner's conclusory allegations that (1) the prosecutor withheld discovery in her case and her attorney would not release it without her paying for it; and (2) the prosecutor did not offer to plea bargain until she offered to plead guilty.  The first allegation is totally devoid of any factual support.  A habeas petition may be summarily dismissed where the petitioner's allegations consist of "'vague, conclusory, or palpably incredible' allegations or unsupported generalizations." Spillars v. Lockhart, 802 F.2d 1007, 1009 (8th Cir. 1986)(quoting Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985)).  A petitioner is obligated to "state specific, particularized facts which entitle him . . . to habeas corpus relief for each ground specified." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). The petition itself must contain facts "of sufficient detail to enable the court to determine from the face of the petition alone, whether the petition merits further habeas corpus review." Id.  As to the second allegation, a defendant has no constitutional right to bargain for a plea agreement with the government.  Stokes v. Armontrout, 851 F.2d 1085, 1089 (8th Cir. 1988).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied. Counsel's Motion to be Relieved (DE # 29) is hereby granted.

SO ORDERED this 5th day of March, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge